Robert F. Kramer (SBN 181706)
rkramer@kramerday.com
M. Elizabeth Day (SBN 177125)
eday@kramerday.com
David Alberti (SBN 220625)
dalberti@kramerday.com
Sal Lim (SBN 211836)
slim@kramerday.com
Russell Tonkovich (SBN 233280)
rtonkovich@kramerday.com
Marc Belloli (SBN 244290)
mbelloli@kramerday.com
Sven Raz (SBN 222262)
sraz@kramerday.com
Ryan Dooley (SBN 321645)
rdooley@kramerday.com
**KRAMER DAY ALBERTI**
**LIM TONKOVICH & BELLOLI LLP**
577 Airport Boulevard, Suite 250
Burlingame, California 94010
Telephone: (650) 825-4300
Facsimile:  (650) 460-8443

*Attorneys for Plaintiff*
Express Mobile, Inc.

Ameet A. Modi
Peter Curtis Magic
**DESMARAIS LLP**
101 California Street
San Francisco, CA 94111
415-573-1900
amodi@desmaraisllp.com
pmagic@desmaraisllp.com

John M. Desmarais
Jennifer M. Przybylski
**DESMARAIS LLP**
230 Park Avenue
New York, NY 10169
212-351-3400
jdesmarais@desmaraisllp.com
jprzybylski@desmaraisllp.com

*Attorneys for Defendant*
Google LLC

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| EXPRESS MOBILE, INC., <br><br> *Plaintiff,* <br><br> v. <br><br> GOOGLE LLC, <br><br> *Defendant.* | Case No. 3:21-cv-08944-RS <br><br> **JOINT CASE MANAGEMENT STATEMENT** <br><br> Judge:    Hon. Richard Seeborg <br> Date:    February 10, 2022 <br> Time:    10:00 a.m. <br> Crtrm:    3, 17th Floor |

Pursuant to the Court's December 28, 2021 Order (Dkt. No. 106) and Civil Local Rule 16-9(a), the Standing Order for All Judges of the Northern District of California, and Federal Rule of Civil Procedure 26(f), Plaintiff Express Mobile Inc. ("Express Mobile") and Defendant Google LLC ("Google") met and conferred regarding a discovery plan and schedule and submit the following Joint Case Management Statement.

**1.   Jurisdiction and Service:**

The parties agree that this is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 et seq.  The parties further agree that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).  The parties do not believe that any personal jurisdiction or venue issues exist at this time but reserve all rights.  All parties have been served.

**2.   Facts:**

Express Mobile filed this action on September 1, 2020, against Google, accusing Google of infringing U.S. Patent Nos. 6,546,397 ("the '397 patent"), 7,594,168 ("the '168 patent"), 9,928,044 ("the '044 patent"),  9,471,287 ("the '287 patent"), and 9,063,755 ("the '755 patent"), (collectively, "patents-in-suit") in the Western District of Texas.  Express Mobile contends that Google's infringement has been willful and seeks all available remedies.

Google denies it infringes any asserted claim of the patents in suit and asserts that the patents-in-suit are unenforceable, invalid, and/or constitute patent-ineligible subject matter under 35 U.S.C. § 101 et seq.

On November 18, 2021, this case was transferred to the Northern District of California.

In the Western District of Texas, the following case events occurred before transfer:

- **Preliminary Infringement Contentions**:  February 5, 2021;
- **Production of all evidence related to conception and reduction to practice**:  February 5, 2021;
- **Production of technical and financial information for the two years before suit**:  April 2, 2021;
- **Preliminary Invalidity Contentions**:  April 28, 2021;

- **Initial Disclosures**: August 4, 2021;
- **Fact Discovery Opened**: August 4, 2021;
- **Claim Construction (hearing and rulings on the record)**: August 10, 2021;
- **Deadline to add parties**: September 14, 2021;
- **Final Infringement & Invalidity Contentions**: November 12, 2021.

3. **Legal Issues:**

The key legal issues concern the following subjects:

a) Whether Google has infringed any valid and enforceable claim of the patents-in-suit;

b) Whether the claims of the patents-in-suit are valid and enforceable;

c) The proper construction of any disputed patent claim terms;

d) If Google is found to have infringed the patents-in-suit, the appropriate damages from Google;

e) Whether Google's infringement is willful;

f) Whether this case is exceptional under 35 U.S.C. § 285;

g) Whether any other forms of relief are due to any party.

h) Whether a stay of the case as to the '397 and '168 Patents is warranted.

(i) Google's Position: Google requests that the Court stay this case as to the '397 and '168 Patents until proceedings at the Patent Office are complete. The only claim of the '397 Patent asserted against Google, claim 1, currently stands canceled in an *ex parte* reexamination filed by Unified Patents LLC (Control No. 90/014,615). The Court already stayed proceedings related to claim construction of the '397 and '168 Patents in the N.D. Cal. Related Cases (identified in Section 10) on April 5, 2021, in light of these reexamination proceedings. (*E.g.*, 3:20-cv-06152 Dkt. No. 73.) Express Mobile filed its appeal to the Patent Trial and Appeal Board on December 29, 2021. The Examiner has not yet filed an answer and the appeal remains pending.

After the Court issued the April 5, 2021 stay order, the Patent Trial & Appeal Board instituted *inter partes* review proceedings against the '397 and '168 Patents on January 14, 2022 based on IPRs filed by Facebook. (IPR2021-01224 ('397 Patent) and IPR2021-01226 ('168

Patent).) A written decision is due by January 14, 2023. The IPRs cover all claims of the '397 and '168 Patents asserted against Google. Given the likelihood that the Patent Office proceedings will substantially reduce the issues in this case, Google requests that the Court stay all proceedings related to the '397 and '168 Patents in this matter. A stay as to those two patents would strongly promote efficiency for the parties and the Court by avoiding an expenditure of resources regarding claims and defenses relating to the sole asserted claim of the '397 patent that is currently cancelled in the *ex parte* reexamination and all asserted claims of both the '397 and '168 patents that may be deemed unpatentable in IPR2021-01224 and IPR2021-01226. Google discussed its intent to ask for a stay as to the '397 and '168 patents with Express Mobile, which indicated it opposes this request.

In addition, third parties have filed multiple IPRs challenging each of the '755, '287, and '044 patents:

| Patent No. | Petitioner | IPR No. | Institution Decision Expected By |
|---|---|---|---|
| 9,063,755 | Atlassian | IPR2021-01471 | March 9, 2022 |
| 9,063,755 | Facebook | IPR2021-01455 | March 8, 2022 |
| 9,063,755 | Booking Holdings | IPR2022-00249 | June 16, 2022 |
| 9,471,287 | Facebook | IPR2021-01456 | March 9, 2022 |
| 9,471,287 | Booking Holdings | IPR2022-00248 | June 9, 2022 |
| 9,928,044 | Facebook | IPR2021-01457 | March 22, 2022 |
| 9,928,044 | Booking Holdings | IPR2022-00247 | June 9, 2022 |

To the extent trial is instituted in those proceedings, Google anticipates moving to stay the case as to the '755, '287, and '044 patents.

(ii) Express Mobile's Position:

By way of background, there are two families of patents asserted in this case: (1) the '397 and '168 patents (the "397 Patent Family"), and (2) the '755, '287, and '044 patents (the "'755 Patent Family"). The parties agree that the case should now proceed as to the '755 Patent Family. With respect to the 397 Patent Family, Express Mobile's position is that the Court should align the Facebook and Google cases that were recently transferred from W.D. Texas with this

1  Court's prior orders relating to these issues in the Express Mobile cases already pending in this
2  Court. Accordingly, Express Mobile respectfully requests that the Court order that the Google and
3  Facebook cases be stayed only as to claim construction proceedings as to the '397 Patent Family,
4  and proceed as to the '755 Patent Family. Should IPRs later be instituted as to the '755 Patent
5  Family, the Court can address at that time whether and in what form any further stay should issue.
6  This approach addresses the overall stay issues comprehensively and consistent with the Court's
7  prior order, rather than in a different and piecemeal fashion as proposed by Facebook and Google.

8      In any event, if the Court is inclined to fully address the stay issues presented by Defendant
9  above, Express Mobile requests that this be handled by the parties filing motion papers, rather than
10 attempting to fully litigate the issue in a case management statement.

11     **4.**    **Motions:**

12         **a.**  **Prior Motions**

13 The Western District of Texas resolved the following substantive motions:

14 - Opposed Motion to Transfer Venue to the Northern District of California (Dkt. No.
15   35), ***denied*** (Dkt. No. 71); ***mandamus granted*** (Dkt. No. 88); ***order transferring***
16   ***case*** (Dkt. No. 89);

17 - Opposed Motion to Stay Pending Resolution of Motion to Transfer (Dkt. No. 37),
18   ***denied as moot*** (text order Oct. 7, 2021);

19 - Joint Agreed Motion for Protective Order (Dkt. No. 57), ***granted*** (Dkt. No. 83);

20 - Unopposed Motion Regarding Production of Patent License and Settlement
21   Agreements (Dkt. No. 59), ***granted*** (Dkt. No. 82).

22         **b.**  **Pending Motions**

23     There are no currently pending motions. The parties anticipate that each may move for
24 summary judgment and may file other dispositive and non-dispositive motions as appropriate.
25 Google expects it may move to stay the case as to the '397 and '168 Patents (if the matter is not
26 resolved via the Case Management Conference) as well as the '755, '287, and '044 Patents if the
27 Patent Office institutes IPRs on any of those patents.

28

5. **Amendment of Pleadings:**

The deadline to add parties passed on September 14, 2021, in the Western District of Texas. The parties otherwise reserve the right to amend pleadings in accordance with Fed. R. Civ. P. 15, any order of this Court, and the deadlines proposed below.

6. **Evidence Preservation:**

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps to take regarding evidence presentation. The parties confirm that they have taken appropriate and reasonable measures to preserve evidence relevant to the issues reasonably evident in this action.

7. **Disclosures:**

Express Mobile's Position: The parties should serve initial disclosures pursuant to Rule 26(a)(1)(A) by February 24, 2021.

Google's Position: Google has no disagreement with serving its disclosures again, but notes that the parties served initial disclosures pursuant to Rule 26(a)(1)(A) on August 4, 2021, and will continue to serve amended disclosures as required by the Federal Rules of Civil Procedure and the local rules of this Court.

8. **Discovery:**

   a. **Discovery Taken to Date**

- Express Mobile served preliminary infringement contentions and initial productions on February 5, 2021, and supplemented on April 14, 2021, October 19, 2021, and final infringement contentions were served on November 12, 2021 while this case was still in the Western District of Texas.

- Google served preliminary invalidity contentions on April 28, 2021 and served final invalidity contentions and further productions on November 12, 2021. Google served financial and technical documents before its contentions on April 2, 2021, and has made additional productions since that time. Google served its invalidity production on April 28, 2021. Google made the relevant source code available on

March 25, 2021, and Express Mobile began reviewing source code on July 6, 2021. Express Mobile has reviewed Google's code for over 500 hours so far. Google served subpoenas and obtained third party discovery related to invalidity of the patents-in-suit.

- Fact discovery began on August 4, 2021, and both sides have served and responded to interrogatories and requests for production.
- Express Mobile has continued to review source code since this case was transferred to this Court.

### b. Scope of Anticipated Discovery and Subjects on Which Discovery May Be Needed.

The parties anticipate that the scope of discovery will encompass the factual and legal issues identified in Sections 2 and 3 above and the requested relief discussed herein, including related and subsidiary factual and legal issues and matters. The parties' claims and defenses are anticipated to require both party and potentially third-party discovery on at least the following subjects: infringement and non-infringement, validity and invalidity, and damages.

### c. Report on Stipulated E-Discovery Order

The parties have reviewed the ESI Guidelines and met and conferred concerning ESI. At this time, the parties do not understand that email discovery will be necessary but in the event this changes, the parties agree to meet and confer regarding the identification of appropriate custodians and key words regarding specific topics and meet and confer to set a reasonable timeframe and scope for the requests, and they will negotiate and propose arrangements in an e-discovery order as to the quantity of custodians, search terms, etc, as discussed below.

### d. Any Issues About Claims of Privilege or of Protection as Trial-Preparation Materials

While in the Western District of Texas, the parties negotiated Protective Order language. The parties also agree that issues regarding the inadvertent production of privilege or work product material shall be addressed as provided in the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and in the Protective Order to be entered in this case.

### e. Protective Order

The parties request that the Proposed Protective Order filed in the Western District of Texas govern the proceedings in this Court and that the Court enter an order granting the parties' Joint Agreed Motion for Protective Order, DI 83 in Case No. 6-20-cv-804 (October 7, 2021, WDTX). The parties will submit a joint motion to adopt the protective order after the Case Management Conference if the Court is amenable to this approach.

### f. Proposed Discovery Plan and Proposed Changes to the Limitations on Discovery

The presumptive limits on discovery provided by the Federal Rules of Civil Procedure and this Court's Local Rules and Standing Orders shall apply, except as provided below.

#### i. Changes to the Timing, Form or Requirement for Initial Disclosures

<u>Express Mobile's Position</u>:  Initial disclosures pursuant to Rule 26(a)(1)(A) should be served by February 24, 2022.

<u>Google's Position</u>:  Google has no disagreement with serving its disclosures again, but notes that the parties served initial disclosures pursuant to Rule 26(a)(1)(A) on August 4, 2021, and will continue to serve amended disclosures as required by the Federal Rules of Civil Procedure and the local rules of this Court.

The parties do not propose any change to the form or requirement for the initial disclosures.

#### ii. Changes to the Timing, Form, or Requirement for Contentions

**Damages Contentions:**  The parties did not provide damages contentions in the Western District of Texas, and propose the deadlines in the schedule below to accomplish those contentions.

**Infringement/Invalidity Contentions**:

<u>Google's Position</u>:  Because the parties served preliminary, supplemental, and final infringement contentions, as well as preliminary and final invalidity contentions, before the transfer, Google objects to an unrestricted additional round of contentions.  Despite spending over 400 hours over the course of over four months reviewing source code prior to serving its final contentions, Express Mobile only provided source code citations for 16 out of 65 charts in its final

contentions–and for only four products accused in this case. However, Google would not oppose a schedule to provide limited amended infringement and invalidity contentions solely to (1) add citations to evidence; and (2) ensure the contentions comply with the standards required by the Northern District of California's Patent Local Rules. Google objects to any attempt by Express Mobile to add new claims, products, or theories to its contentions, or change the existing theories in its contentions, as the parties already served final contentions in the Western District of Texas.

Google's proposed limits are a reasonable accommodation to Express Mobile's request for a third round of infringement contentions. The parties already served contentions multiple times in this case, and the Patent Local Rules allow amendments to contentions only for "good cause." Patent L.R. 3-6. Express Mobile has not shown any, and inaccurately states below that restrictions are "particularly unreasonable given that [Google] is requesting the Court to redo claim construction." In fact, the parties are *jointly* requesting that the Court conduct claim construction, and Express Mobile's requested date for redoing its contentions falls on a date well *before* any claim construction process here, rendering its attempt to connect those two things illogical. *Moreover,* the Court already has a procedure for Express Mobile to move for Amendment *after* claim construction through a showing of good cause. Patent L.R. 3-6. Express Mobile simply provides no precedent for its request to serve a third[1] set of infringement contentions free of restrictions without a showing of good cause. Google has attempted to avoid disputes by proposing a reasonable scope for a third round of contentions. But, to the extent Express Mobile views this third round of contentions as an unrestricted redo, Google opposes the request and submits that Express Mobile must show good cause for any amendments to its contentions.

Express Mobile's Position: There is nothing in the Northern District of California Local Rules or Patent Local Rules that imposes any of these restrictions proposed by Google. Google is selectively proposing these restrictions on its own accord to unfairly hamper Express Mobile's ability to prove its case. There is no precedent for these proposed restrictions. Google's proposal

---

[1] For one product, Google Ads, this would be Express Mobile's fourth set of infringement contentions. And contrary to Express Mobile's position in this case, Express Mobile did not request an additional round of contentions in the Atlassian matter, a case in which Express Mobile also provided final infringement in the Western District of Texas.

is particularly unreasonable given that it is requesting the Court to redo claim construction notwithstanding the fact that it fully participated in the Markman process in the Western District of Texas. Express Mobile proposes that the parties meet and confer to discuss the issues that Defendant has raised. If there is a dispute as to this issue after such time, the parties will bring it to the Court. Accordingly, Express Mobile respectfully requests that the Court order the parties to adhere to the Northern District of California Local Rules or Patent Local Rules.

### iii. Depositions

Express Mobile's Position: Unless otherwise stipulated by the Court or as provided below for experts, the Federal Rules of Civil Procedure shall apply to deposition limits for each party. The deposition of any individual is limited to 1 day of 7 hours on the record, with the exception of Steven H. Rempell, who may be deposed across more than one day.

Express Mobile agrees to meet and confer with Google regarding an appropriate number of hours for Mr. Rempell's deposition. If the parties cannot reach an agreement, they would at that time raise the issue with the Court.

Google's Position: Google should have an opportunity to examine Mr. Rempell for a total of 14 hours on the record because of Mr. Rempell's multifaceted role in this case as a named inventor on all five patents, the central person in Express Mobile's business, and his central role in licensing efforts for the company.

The parties agree that each party shall have a maximum of 10 party fact depositions and up to 70 hours of total deposition time for all party fact depositions taken by that party in this case. Exceeding those limits is permitted only by agreement of the parties or leave of Court for good cause. Depositions on written questions of custodians of business records of third parties, or depositions of third parties related to the authentication of documents or records, are permitted without limitation and do not count against the hour total.[2]

---

[2] The parties agree to the sufficiency of written affidavits, provided under penalty of perjury, in lieu of depositions for custodians of business records or authentication of documents or records, absent a good faith belief of a genuine custodial or authentication issue. The party objecting to the sufficiency of a written affidavit shall provide notice in writing of its dispute no later than 90 days before the close of fact discovery or within 14 days of the receipt of the written affidavit, whichever is later, identifying the basis for the good faith belief of a custodial or authentication issue.

The parties agree to meet and confer after the exchange of expert reports regarding limits on the length and number of days allotted for expert depositions.

### iv. Written Discovery and Document Production

Express Mobile's Position: The Federal Rules of Civil Procedure should dictate the limits on interrogatories and requests for production.  No more than 50 requests for admission should be served, except for requests for admission solely aimed at authenticating documents.

Google's Position:  The limits for written discovery imposed in the Western District of Texas should apply in this case, as they are the limits the parties have relied upon in serving written discovery thus far.  Those limits are:  30 interrogatories per party, 45 requests for admission per party, and 75 requests for production per party.  These numbers are inclusive of all interrogatories and requests already served to date.

### v. Limits on Discovery of Expert Work Product

The parties agree that no party need produce communications between counsel and expert witnesses, communications between an expert and others, including staff members, who work at the direction of the expert to support the expert, the expert's notes, or drafts of expert reports or declarations.  As used in this paragraph, communications and drafts include communications and drafts relating to other proceedings relating to the patents-in-suit which are identified as related cases in Section 10 infra.  However, an expert report or declaration relating to the patents-in-suit that is served in these other proceedings will be discoverable.  This agreement shall not preclude a party from seeking production of such documents if the expert relies on any such communications, notes, or drafts as the basis of his/her opinion.

## g. Any Other Orders that the Court Should Issue Under Rule 26(c) or Under Rule 16(b)

Email Courtesy Copies

The parties consent to service by electronic means as set forth in Fed. R. Civ. P. 5(b)(2)(E), or if too voluminous, by Secure File Transfer or other internet file service. The parties also agree that courtesy copies of all papers served by other means shall also be sent via email to counsel of

record for the parties. Such courtesy copy emails shall not shorten the date of any response triggered by service, including additional time to respond under Fed. R. Civ. P. 6(d).

The parties further agree that documents filed publicly through the Court's ECF system need not be separately served by email or otherwise and that ECF filing constitutes personal service as of the date and time such document was filed. The parties agree that documents filed under seal or manually must be served by email or other electronic means including FTP transfer immediately following a related ECF filing, and that the email service of such documents shall relate back to the time of the related ECF filing.

Electronic Mail

The parties acknowledge the burden of discovery involving emails and other forms of electronic communication and agree that emails and electronic communications need not be searched or produced in response to document requests pursuant to Rule 34 unless such documents were produced in any of the other cases listed in the "related cases" section below.

The parties agree that other forms of electronic communication, such as text messages, voicemails, and instant messaging applications (e.g., Skype, Skype for Business, Slack) will not be searched or produced during discovery, and need not be preserved for this case. The parties explicitly agree that this exception shall not be used to discover correspondence between outside counsel and testifying or consulting experts that otherwise would be protected from disclosure under Rule 26.

At this time, the parties do not understand that email discovery will be necessary. In the event this changes, the parties agree to meet and confer regarding the identification of appropriate custodians and key words regarding specific topics and meet and confer to set a reasonable timeframe and scope for the requests, and they will negotiate and propose arrangements in an e-discovery order as to the quantity of custodians, search terms, etc.

Any request for email discovery must be made no later than four months before the close of fact discovery, given the complexity and burden of email discovery.

The parties will jointly submit any proposed modifications to the Model Stipulation & Order re: Discovery of Electronically Stored Information for Patent Litigation available on the Court's

website at https://www.cand.uscourts.gov/eDiscoveryGuidelines to reflect the foregoing understandings.

**9.     Class Actions:**

This is not a class action.

**10.    Related Cases:**

| Related District Court Cases ||
|---|---|
| *Shopify Inc. v. Express Mobile, Inc.* | No. 1:19-cv-00493 (D. Del. Mar. 1, 2019) |
| *Express Mobile, Inc. v. GoDaddy.com, LLC* | No. 1:19-cv-01937 (D. Del. Oct. 11, 2019) |
| *Express Mobile, Inc. v. HubSpot, Inc.* | No. 1:20-cv-01162 (D. Del. Sept. 1, 2020) |
| *Express Mobile, Inc. v. Squarespace, Inc.* | No. 1:20-cv-01163 (D. Del. Sept. 1, 2020) |
| *Express Mobile, Inc. v. Web.com Group, Inc.* | No. 3:20-cv-00839 (M.D. Fla. Sept. 28, 2020) |
| *X.Commerce, Inc. v. Express Mobile, Inc.* | No. 3:17-cv-02605 (N.D. Cal. May 5, 2017) |
| *Express Mobile, Inc. v. Wix.com, Ltd.* | No. 3:19-cv-06559 (N.D. Cal. Oct. 11, 2019) |
| *Express Mobile, Inc. v. Expedia Group, Inc.* | No. 6:20-cv-00801 (W.D. Tex. Sept. 1, 2020) |
| *Express Mobile, Inc. v. eBay Inc.* | No. 3:21-cv-06656-RS (N.D. Cal. Aug. 30, 2021) |
| *Express Mobile, Inc. v. Facebook Inc.* | No. 3:21-cv-06657-RS (N.D. Cal. Aug. 27, 2021) |
| *Express Mobile, Inc. v. Atlassian Corp. PLC* | No. 3:21-cv-08942-RS (N.D. Cal. Nov. 16, 2021) |
| *Express Mobile, Inc. v. Dropbox, Inc.* | No. 3:21-cv-01145-RS (N.D. Cal. Feb. 16, 2021) |
| *Express Mobile, Inc. v. Adobe Inc. and X.Commerce Inc.* | No. 3:20-cv-08297 (N.D. Cal. Nov. 24, 2020) |
| *Express Mobile, Inc. v. Salesforce.com, Inc.* | No. 3:20-cv-8461-RS (N.D. Cal. Dec. 1, 2020) |
| *Express Mobile, Inc. v. Slack Technologies, Inc.* | No. 3:21-cv-02001-RS (N.D. Cal. Mar. 23, 2021) |
| *Express Mobile, Inc. v. Microsoft Corporation & LinkedIn Corporation* | No. 3:20-cv-06152-RS (N.D. Cal. Sept. 1, 2020) |
| *Express Mobile, Inc. v. Booking.com B.V.* | No. 3:20-cv-08491 (N.D. Cal. Dec. 1, 2020) |
| *Express Mobile, Inc. v. SAP SE* | No. 3:20-cv-08492 (N.D. Cal. Dec. 01, 2020) |
| *Express Mobile, Inc. v. Oath Holdings Inc. f/k/a Yahoo!* | No. 3:20-cv08321 (N.D. Cal. Nov. 25, 2020) |
| *Express Mobile, Inc. v. Pinterest, Inc.* | No. 3:20-cv-08335 (N.D. Cal. Nov. 25, 2020) |
| *Express Mobile, Inc. v. Amazon.com, Inc.* | No. 3:20-cv-08339 (N.D. Cal. Nov. 25, 2020) |
| Related Patent Office Proceedings ||
| Ex Parte Rempell | 90/014,615 (PTAB) |
| *Atlassian Corp. PLC et al v. Express Mobile, Inc.* | IPR2021-01471 (PTAB) |
| *Booking Holdings, Inc. v. Express Mobile, Inc.* | IPR2022-00247 (PTAB) |
| *Booking Holdings, Inc. v. Express Mobile, Inc.* | IPR2022-00248 (PTAB) |
| *Booking Holdings, Inc. v. Express Mobile, Inc.* | IPR2022-00249 (PTAB) |

| *Facebook, Inc. v. Express Mobile, Inc.* | IPR2021-01224 (PTAB) |
| --- | --- |
| *Facebook, Inc. v. Express Mobile, Inc.* | IPR2021-01226 (PTAB) |
| *Facebook, Inc. v. Express Mobile, Inc.* | IPR2021-01455 (PTAB) |
| *Facebook, Inc. v. Express Mobile, Inc.* | IPR2021-01456 (PTAB) |
| *Facebook, Inc. v. Express Mobile, Inc.* | IPR2021-01457 (PTAB) |

**11.    Relief:**

Express Mobile's Position: Express Mobile seeks an adjudication that Defendant has infringed the patents-in-suit; an award of damages to be paid by Defendant adequate to compensate Express Mobile for Defendant's infringement of the patents-in-suit, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to those acts not presented at trial; a finding that Defendant's infringement is willful; a declaration that this case is exceptional under 35 U.S.C. § 285, and an award of Express Mobile's reasonable attorneys' fees; and an award to Express Mobile of such further relief at law or in equity as the Court deems just and proper.

Google's Position: Google seeks an adjudication that it has not infringed and is not infringing any asserted claim of the patents-in-suit; that the patents-in-suit are unenforceable and/or invalid; that Express Mobile is not entitled to any damages, interests, costs, and/or expenses; an award to Google of reasonable attorney's fees; a declaration that this case is exceptional under 35 U.S.C. § 285; and an award to Google of such further relief at law or in equity as the Court deems just and proper.  Express Mobile has not identified the amount of damages sought or the bases on which the damages are calculated; therefore, Google is unable to provide a responsive statement regarding the bases on which damages should be calculated if liability is established.

**12.    Settlement and ADR:**

The parties have conferred and agree to monitor the case for if and when an appropriate time arises for mediation. The parties propose that they advise the Court when that time occurs, rather than having the Court set a process for mediation now.

**13.    Consent to Magistrate Judge For All Purposes:**

The parties do not consent to proceed before a magistrate judge for all proceedings.

**14.    Other References:**

The parties do not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.    Narrowing of Issues:**

The parties will work in good faith to address narrowing of any issues as discovery proceeds.

Express Mobile's Position: After claim construction, Express Mobile expects to discuss with Google and the Court setting deadlines in the case for narrowing the scope of the case.

Google's Position:  Express Mobile presently asserts 15 claims of 5 patents against 16 products (including mobile variants of certain products).  Google believes significant issues in this case can be narrowed through the pending Reexamination and *Inter Partes Review* matters related to the patents-in-suit.  After claim construction, Google expects to discuss with Express Mobile and the Court setting deadlines in the case for narrowing the scope of the case.

**16.    Expedited Trial Procedure:**

The parties do not believe this is the type of case that can be handled under the Expedited Trial Procedure of General Order 64, Attachment A.

**17.    Scheduling:**

The parties propose the following schedule:

| Description | Deadline under Local Patent Rules | Deadline Proposed |
|---|---|---|
| Initial Disclosures | February 2, 2022 | February 24, 2022 |
| Express Mobile serves Infringement Contentions[3] and Document Production (LPR 3-1, 3-2) | February 24, 2022 | Express Mobile Proposal:  February 24, 2022<br><br>Google Proposal: March 28, 2022 |

---

[3] Google disagrees that the contentions deadlines identified in the Local Patent Rules apply in this case, as Infringement and Invalidity contentions already occurred in the Western District of Texas.  Google would not oppose this—notwithstanding that Express Mobile already served final contentions in W.D. Tex. before this case was transferred—if the Court imposes the limitations Google proposed in Section 8(f) above.  Google reserves its right to file a motion to strike should Express Mobile's contentions fail to comply with the proposed limitations.

| Description | Deadline under Local Patent Rules | Deadline Proposed |
|---|---|---|
| Google serves Invalidity Contentions and Document Production (LPR 3-3, 3-4) | April 11, 2022 | Express Mobile Proposal: April 11, 2022<br><br>Google Proposal: May 12, 2022 |
| Plaintiff's proposal: Last day to amend pleadings and last day to add parties<br><br>Google's proposal: The deadline to add parties passed in W.D. Tex. on Sept. 14, 2021 before this case was transferred and the deadline should not be reset. This deadline only applies to the last day to amend pleadings | April 11, 2022 | April 11, 2022 |
| 3-8 Damages Contentions | May 31, 2022 | April 22, 2022 |
| Exchange of proposed terms for claim Construction (LPR 4-1) | April 25, 2022 | Express Mobile Proposal: April 25, 2022<br><br>Google Proposal: May 26, 2022 |
| Exchange of proposed claim constructions and extrinsic evidence, including any expert reports for claim construction (LPR 4-2) | May 16, 2022 | Express Mobile Proposal: May 16, 2022<br><br>Google Proposal: June 16, 2022 |
| Responsive Damages Contentions Google serves Responsive Damages Contentions (LPR 3-9) | June 30, 2022 | May 23, 2022 |
| Joint Claim Construction and Prehearing Statement and exchange of any expert rebuttal reports for claim construction (LPR 4-3) | June 10, 2022 | Express Mobile Proposal: June 10, 2022<br><br>Google Proposal: July 11, 2022 |
| Completion of claim construction discovery (including depositions of any experts for claim construction) (LPR 4-4) | July 11, 2022 | Express Mobile Proposal: July 11, 2022<br><br>Google Proposal: |

| Description | Deadline under Local Patent Rules | Deadline Proposed |
|---|---|---|
|  |  | August 10, 2022 |
| Express Mobile files Opening Claim Construction Brief (LPR 4-5(a)) | July 25, 2022 | August 25, 2022 |
| Google serves Responsive Claim Construction Brief (LPR 4-5(b)) | August 8, 2022 | September 8, 2022 |
| Express Mobile files Reply Claim Construction Brief (LPR 4-5(c)) | August 15, 2022 | September 15, 2022 |
| Claim Construction hearing | Court's convenience | Court's convenience |
| Case Management Conference to Set Further Deadlines (e.g., close of fact discovery, email discovery, expert discovery, summary judgment, pretrial conference, trial) |  | Court's convenience after the Court's Order on claim construction |

**18.     Trial:**

The parties request trial by jury for all issues so triable.

**19.     Disclosure of Non-party Interested Entities or Persons:**

Express Mobile filed its Certificate of Interested Entities.  Express Mobile certifies, pursuant to Fed. R. Civ. P. 7.1, that it is a privately-held corporation with no parent corporation, and no publicly-held corporation owns 10% or more of its stock.

Google has filed its Certification of Interested Entities or Persons as required by Civil Local Rule 3-15. (Dkt. No. 100.)  The undersigned certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in the subject matter or in a party that could be substantially affected by the outcome of this proceeding:  (1) Google LLC; (2) XXVI Holdings Inc., Holding Company of Google LLC; and (3) Alphabet Inc., Holding Company of XXVI Holdings Inc.

**20.     Professional Conduct:**

All attorneys of record for the parties certify that they have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21.     Additional Matters pursuant to the Local Patent Rules**

Pursuant to Local Patent Rule 2-1(b), the parties provide the following additional information:

- The parties have proposed modifications to the deadlines set forth in the Local Patent Rules as set forth in Section 17 above. Local Patent Rule 2-1(b)(1).
- The parties have proposed timing for claim construction discovery, including experts, as set forth in Section 17 above. Local Patent Rule 2-1(b)(2).
- The parties anticipate that the claim construction hearing will last two to three hours, with each party presenting argument, evidence, demonstratives and/or testimony. Local Patent Rule 2-1(b)(3).
- The Court is familiar with the technology at issue in this matter through related cases.
- The parties shall provide any additionally required education about the technology as the case progresses. Local Patent Rule 2-1(b)(4).
- The parties are unable to provide any estimate of damages without discovery. Local Patent Rule 2-1(b)(5).

Dated February 3, 2021                                      Respectfully submitted,

/s/ *Robert F. Kramer*                                       /s/ *Jennifer M. Przybylski*

Robert F. Kramer (SBN 181706)            Ameet A. Modi
rkramer@kramerday.com                       Peter Curtis Magic
M. Elizabeth Day (SBN 177125)            **DESMARAIS LLP**
eday@kramerday.com                            101 California Street
David Alberti (SBN 220625)                    San Francisco, CA 94111
dalberti@kramerday.com                       415-573-1900
Sal Lim (SBN 211836)                             amodi@desmaraisllp.com
slim@kramerday.com                             pmagic@desmaraisllp.com
Russell Tonkovich (SBN 233280)
rtonkovich@kramerday.com                   John M Desmarais

| | | |
|---|---|---|
| 1 | Marc Belloli (SBN 244290) | Jennifer M Przybylski |
| 2 | mbelloli@kramerday.com | **DESMARAIS LLP** |
|   | Sven Raz (SBN 222262) | 230 Park Avenue |
| 3 | sraz@kramerday.com | New York, NY 10169 |
|   | Ryan Dooley (SBN 321645) | 212-351-3400 |
| 4 | rdooley@kramerday.com | jdesmarais@desmaraisllp.com |
|   | **KRAMER DAY ALBERTI** | jprzybylski@desmaraisllp.com |
| 5 | **LIM TONKOVICH & BELLOLI LLP** | |
|   | 577 Airport Boulevard, Suite 250 | *Attorneys for Defendant* |
| 6 | Burlingame, California 94010 | Google LLC |
| 7 | Telephone: (650) 825-4300 | |
|   | Facsimile: (650) 460-8443 | |

*Attorneys for Plaintiff*
Express Mobile, Inc.

## **ATTESTATION**

Pursuant to Civil L.R. 5-1(i), I hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in this document's content and have authorized the filing of this document with the use of their electronic signature.

/s/ *Robert F. Kramer*